## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**NORMIA CABILOCAN SULAIMAN and
MOHARIA SAWMANG CABILOCAN,**

Plaintiffs,

   **-against-**

**YOUSEF LARAM and MIRIAM LARAM,**

Defendants.

Civil Action No. 16-cv-08182-CM

**ANSWER AND AFFIRMATIVE DEFENSES**

## ANSWER

Defendants Yousef and Miriam Laram hereby answer the Complaint filed October 19, 2016:

1. Defendants deny the allegations of Paragraph 1.

2. Defendants deny the allegations of Paragraph 2.

3. Defendants deny the allegations of Paragraph 3.

4. To extent that the allegations in Paragraph 4 make legal conclusions, no response is required. Further, Defendants lack sufficient knowledge of the Plaintiffs' motivations in bringing this action to form a belief about the

truth of the allegation.  To the extent that an answer is required, Defendants deny the allegations of Paragraph 4.

5.  Defendants deny the allegations of Paragraph 5.

6.  Defendants deny the allegations of Paragraph 6.

7.  To the extent that the allegations in Paragraph 7 make legal conclusions, no response is required.  Further, Defendants lack sufficient knowledge of Plaintiff Sulaiman's present citizenship and residence to form a belief about the truth of these allegations.  To the extent that an answer is required, Defendants deny the first two sentences of Paragraph 7. Defendants admit that Plaintiff Sulaiman worked for Defendants from 2009 to April 22, 2015.  Defendants deny that Plaintiff Sulaiman's ability to speak and understand English was "extremely limited" during that time.

8.  To the extent that the allegations in Paragraph 8 make legal conclusions, no response is required.  Further, Defendants lack sufficient knowledge of Plaintiff Cabilocan's present citizenship and residence to form a belief about the truth of these allegations.  To the extent at an answer is required, Defendants deny the first two sentences of Paragraph 8. Defendants admit that Plaintiff Cabilocan worked for Defendants from January 2015 to April 22, 2015.  Defendants deny that Plaintiff Cabilocan's ability to speak and understand English was "extremely

limited" during that time.

9.  Defendants admit that they are adult citizens of Qatar.  They admit that they are married and have at least three children, but, on April 22, 2015, when the Plaintiffs stopped working for them, they had only two children. Defendants admit having lived in Apartment 49B of 845 United Nations Plaza, New York City, from February 2013 through April 2015, but they lived in another apartment from September 2011 to February 2013. Defendants deny that they lived in 845 United Nations Plaza before February 2013.  They admit the allegations of the last two sentences of Paragraph 9.

10. Defendants deny the allegations of Paragraph 10.

11. Defendants deny the allegations of Paragraph 11.

12. Defendants lack sufficient knowledge of Plaintiff Sulaiman's family's financial dependency to form a belief about the truth of the allegations in the third sentence in Paragraph 12, and therefore must deny the allegations in the third sentence of Paragraph 12.  Defendants deny the rest of the allegations of Paragraph 12.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants admit that the Larams needed to move to New York, and that Mr. Laram had a diplomatic appointment to the Permanent Mission of the

State of Qatar to the United Nations.  Defendants deny that they told Plaintiff Sulaiman that she also "needed to move with the Laram family." Defendants lack sufficient knowledge about Plaintiff Sulaiman's thoughts and beliefs to form a belief about the truth of the allegations in the last sentence of Paragraph 14, and therefore must deny them.

15. The document alleged in Paragraph 15 speaks for itself and therefore no response is required.  Paragraph 15 also asserts legal conclusions, to which no response is required.  Nevertheless, to the extent that a response is required, Defendants deny all the allegations of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16.

17. The allegations in the first sentence of Paragraph 17 make legal conclusions, for which no response is required, but, to the extent that response is required, the Defendants deny the allegations.  Defendants admit the rest of the allegations in Paragraph 17.  Defendants' second child was born in September 2011.

18. Defendants deny the allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants admit that Plaintiff Sulaiman had complained of a rash, and that they took her to see a medical doctor on multiple occasions, and provided her prescribed medicines and treatment.  The Defendants deny ever having refused to allow her to see a doctor or to obtain treatment.  As for the medical aspects of the allegations, Defendants lack sufficient knowledge to form a belief about their truth, and therefore Defendants must deny such allegations, including allegations regarding the efficacy of prescriptions.  The Defendants deny the rest of the allegations of Paragraph 23.

24. Defendants admit that Mrs. Laram was pregnant with her third child in late 2014, but Defendants otherwise deny the allegations in the first sentence of Paragraph 24.  Defendants lack sufficient knowledge of the specific contacts and communications that Plaintiff Sulaiman had with her family and friends in the Philippines to form a belief about the truth of these allegations, and therefore they must deny the allegations in the second sentence in Paragraph 24.   Nevertheless, Defendants admit that Plaintiff Sulaiman, who worked for Defendants for several years, and who thus knew about the circumstances and conditions of such work, recruited Plaintiff Cabilocan, her cousin, to work for the Defendants under the same or similar conditions as had Plaintiff Sulaiman.  Defendants deny the rest of the allegations Paragraph 24.

25. Defendants admit that Plaintiff Cabilocan worked for members of their

family in late 2014.  Defendants deny the rest of the allegations in
Paragraph 25.

26. The document alleged in Paragraph 26 speaks for itself and therefore no
response is required.  Paragraph 26 also asserts legal conclusions, to
which no response is required.  Further, Defendants lack sufficient
knowledge to form a belief about the truth of allegations of what Plaintiff
Cabilocan specifically thought, understood or believed.  To the extent that
response is required, however, Defendants deny the allegations of
Paragraph 26.  Nevertheless, Defendants admit that Plaintiff Sulaiman,
who had worked for the Defendants for several years, recruited Plaintiff
Cabilocan to work for the Defendants under the same or similar
conditions as had Plaintiff Sulaiman.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of Paragraph 28.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants lack sufficient knowledge to form a belief about the truth of
allegations of what Plaintiff Cabilocan depended on and could afford, and
therefore Defendants must deny the allegations in the last sentence of
Paragraph 30.  Defendants also deny the rest of the allegations of
Paragraph 30.

31. Defendants deny the allegations of Paragraph 31, except they admit that Mr. Laram addressed the United Nations General Assembly in his capacity as Deputy Permanent Representative of the State of Qatar to the United Nations.

32. Defendants lack sufficient knowledge to form a belief about the truth of allegations of what Plaintiff Cabilocan thought, but they deny that life with Defendants was or is a form of modern slavery.  Therefore, the Defendants deny the allegations of Paragraph 32.

33. Defendants admit that Plaintiff Sulaiman returned from a vacation of several weeks' duration in April 2015, and they admit that Plaintiff Sulaiman took vacations of several weeks' duration while Plaintiff worked in New York.  The document that is attached as Exhibit A speaks for itself, and no response is required.  Allegations about the requirements of Philippine law or contract terms are legal conclusions, to which no response is required.  To the extent that responses are required to the allegations of Paragraph 33, however, the Defendants deny them.

34. Defendants lack sufficient knowledge to form a belief about the truth of allegations of what the Plaintiffs understood or decided, and therefore Defendants must deny the allegations of the third, fourth, and fifth sentences of Paragraph 34.  Defendants deny the rest of the allegations of Paragraph 34, too.

35. Defendants deny that the Plaintiffs "escaped," but admit that the Plaintiffs stopped working and apparently left suddenly, without notice and without explanation, on April 22, 2015.  Defendants lack sufficient knowledge to form a belief about the truth of allegations of what the Plaintiffs did, and therefore they must deny the other allegations of Paragraph 35, too.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants admit that Plaintiff Sulaiman worked for the Defendants from 2009 to April 22, 2015, and that Plaintiff Cabilocan worked for the Defendants from January 2015 to April 22, 2015.

38. The allegations in Paragraph 38 state legal conclusions, and therefore no response is required.  Nevertheless, to the extent that a response is required, Defendants deny the allegations of Paragraph 38.

39. The allegations in Paragraph 39 state legal conclusions, and therefore no response is required.  Nevertheless, to the extent that a response is required, Defendants deny the allegations of Paragraph 39.

40. The allegations in Paragraph 40 state legal conclusions, and therefore no response is required.  Nevertheless, to the extent that a response is required, Defendants deny the allegations of Paragraph 40.

41. The allegations in Paragraph 41 state legal conclusions, and therefore no

response is required.  Nevertheless, to the extent that a response is required, Defendants deny the allegations of Paragraph 41.

42. The allegations in Paragraph 42 state legal conclusions, and therefore no response is required.  Nevertheless, to the extent that a response is required, Defendants deny the allegations of Paragraph 42.

43. The allegations in Paragraph 43 state legal conclusions, and therefore no response is required.  Nevertheless, to the extent that a response is required, Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. The allegations in Paragraph 45 state legal conclusions, and therefore no response is required.  Nevertheless, to the extent that a response is required, Defendants deny the allegations of Paragraph 45.

46. The allegations in Paragraph 46 state legal conclusions, and therefore no response is required.  Nevertheless, to the extent that a response is required, Defendants deny the allegations of Paragraph 46.

47. The allegations in Paragraph 47 state legal conclusions, and therefore no response is required.  Nevertheless, to the extent that a response is required, Defendants deny the allegations of Paragraph 47.

48. The allegations in Paragraph 48 state legal conclusions, and therefore no response is required.  Nevertheless, to the extent that a response is

required, Defendants deny the allegations of Paragraph 48.

49. The allegations in Paragraph 49 state legal conclusions, and therefore no response is required.  Nevertheless, to the extent that a response is required, Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. No response is required for Paragraph 52, but to the extent an answer is required, the Defendants deny each and every preceding allegation, except as otherwise answered in the preceding paragraphs here.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants deny the allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

60. No response is required for Paragraph 60, but to the extent an answer is required, the Defendants deny each and every preceding allegation, except

as otherwise answered in the preceding paragraphs here.

61. Defendants deny the allegations of Paragraph 61.

62. Defendants deny the allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants deny the allegations of Paragraph 67.

68. No response is required for Paragraph 68, but to the extent an answer is required, the Defendants deny each and every preceding allegation, except as otherwise answered in the preceding paragraphs here.

69. Defendants deny the allegations of Paragraph 69.

70. Defendants deny the allegations of Paragraph 70.

71. Defendants deny the allegations of Paragraph 71.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

74. No response is required for Paragraph 74, but to the extent an answer is required, the Defendants deny each and every preceding allegation, except

as otherwise answered in the preceding paragraphs here.

75. Defendants deny the allegations of Paragraph 75.

76. The allegations of Paragraph 76 state legal conclusions, and no response is required.  Nevertheless, to the extent that response is required, the Defendants deny the allegations of Paragraph 76.

77. The allegations of Paragraph 77 state legal conclusions, and no response is required.  Nevertheless, to the extent that response is required, the Defendants deny the allegations of Paragraph 77.

78. Defendants deny the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

80. Defendants deny the allegations of Paragraph 80.

81. Defendants deny the allegations of Paragraph 81.

82. Defendants deny the allegations of Paragraph 82.

83. No response is required for Paragraph 83, but to the extent an answer is required, the Defendants deny each and every preceding allegation, except as otherwise answered in the preceding paragraphs here.

84. Defendants deny the allegations of Paragraph 84.

85. The allegations of Paragraph 85 state legal conclusions, and no response is required.  Nevertheless, to the extent that response is required, the

Defendants deny the allegations of Paragraph 85.

86. The allegations of Paragraph 86 state legal conclusions, and no response is required.  Nevertheless, to the extent that response is required, the Defendants deny the allegations of Paragraph 86.

87. The allegations of Paragraph 87 state legal conclusions, and no response is required.  Nevertheless, to the extent that response is required, the Defendants deny the allegations of Paragraph 87.

88. Defendants deny the allegations of Paragraph 88.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

92. Defendants deny the allegations of Paragraph 92.

93. Defendants deny the allegations of Paragraph 93.

94. No response is required for Paragraph 94, but to the extent an answer is required, the Defendants deny each and every preceding allegation, except as otherwise answered in the preceding paragraphs here.

95. Defendants deny the allegations of Paragraph 95.

96. Defendants deny the allegations of Paragraph 96.

97. Defendants deny the allegations of Paragraph 97.

98. Defendants deny the allegations of Paragraph 98.

99. No response is required for Paragraph 99, but to the extent an answer is required, the Defendants deny each and every preceding allegation, except as otherwise answered in the preceding paragraphs here.

100. Defendants deny the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

103. No response is required for Paragraph 103, but to the extent an answer is required, the Defendants deny each and every preceding allegation, except as otherwise answered in the preceding paragraphs here.

104. Defendants deny the allegations of Paragraph 104.

105. Defendants deny the allegations of Paragraph 105.

106. No response is required for Paragraph 106, but to the extent an answer is required, the Defendants deny each and every preceding allegation, except as otherwise answered in the preceding paragraphs here.

107. Defendants deny the allegations of Paragraph 107.

108. Defendants deny the allegations of Paragraph 108.

109.   Defendants deny the allegations of Paragraph 109.

110.   Defendants deny the allegations of Paragraph 110.

111.   Defendants deny the allegations of Paragraph 111.

112.   Defendants deny the allegations of Paragraph 112.

113.   Defendants deny the allegations of Paragraph 113.

114.   No response is required for Paragraph 114, but to the extent an answer

is required, the Defendants deny each and every preceding allegation,

except as otherwise answered in the preceding paragraphs here.

115.   Defendants deny the allegations of Paragraph 115.

116.   Defendants deny the allegations of Paragraph 116.

117.   Defendants deny the allegations of Paragraph 117.

118.   Defendants deny the allegations of Paragraph 118.

119.   Defendants deny the allegations of Paragraph 119.

120.   Defendants deny the allegations of Paragraph 120.

121.   Defendants deny the allegations of Paragraph 121.

122.   Defendants deny the allegations of Paragraph 122.

123.   No response is required for Paragraph 123, but to the extent an answer

is required, the Defendants deny each and every preceding allegation,

except as otherwise answered in the preceding paragraphs here.

124.   The allegations of Paragraph 124 have been dismissed.  To the extent response is required, they are denied.

125.   The allegations of Paragraph 125 have been dismissed. To the extent response is required, they are denied.

126.   The allegations of Paragraph 126 have been dismissed.  To the extent response is required, they are denied.

127.   The allegations of Paragraph 127 have been dismissed. To the extent response is required, they are denied.

128.   The allegations of Paragraph 128 have been dismissed. To the extent response is required, they are denied.

129.   The allegations of Paragraph 129 have been dismissed. To the extent response is required, they are denied.

130.   The allegations of Paragraph 130 have been dismissed. To the extent response is required, they are denied.

131.   The allegations of Paragraph 131 have been dismissed. To the extent response is required, they are denied.

132.   No response is required for Paragraph 132, but to the extent an answer is required, the Defendants deny each and every preceding allegation,

except as otherwise answered in the preceding paragraphs here.

133.    Defendants deny the allegations of Paragraph 133.

134.    Defendants deny the allegations of Paragraph 134.

135.    Defendants deny the allegations of Paragraph 135.

136.    No response is required for Paragraph 136, but to the extent an answer
        is required, the Defendants deny each and every preceding allegation,
        except as otherwise answered in the preceding paragraphs here.

137.    The allegations of Paragraph 137 have been dismissed. To the extent
        response is required, they are denied.

138.    The allegations of Paragraph 138 have been dismissed.  To the extent
        response is required, they are denied.

139.    The allegations of Paragraph 139 have been dismissed. To the extent
        response is required, they are denied.

140.    The allegations of Paragraph 140 have been dismissed. To the extent
        response is required, they are denied.

141.    The allegations of Paragraph 141 have been dismissed. To the extent
        response is required, they are denied.

142.    No response is required for Paragraph 142, but to the extent an answer
        is required, the Defendants deny each and every preceding allegation,

except as otherwise answered in the preceding paragraphs here.

143.   The allegations of Paragraph 143 have been dismissed. To the extent response is required, they are denied.

144.   The allegations of Paragraph 144 have been dismissed.  To the extent response is required, they are denied.

145.   The allegations of Paragraph 145 have been dismissed. To the extent response is required, they are denied.

146.   Plaintiffs are not entitled to judgment in their favor,, or to any relief whatsoever, including the relief requested in paragraphs 1 through 7 of their Prayer for Relief.  Defendants deny any allegation in the Complaint to which they did not specifically respond.

## **AFFIRMATIVE DEFENSES**

Defendants Yousef and Miriam Laram hereby assert the following additional and affirmative defenses, A though N, to the Complaint filed October 19, 2016:

A.   Lack of Jurisdiction.  The Court lacks jurisdiction over much of the conduct that is alleged.  The Court does not have jurisdiction over any conduct alleged to have occurred, or claims alleged to have arisen, in Qatar, the Philippines, or elsewhere outside the United States.

B.  Statute of Limitations.  The limitations periods have run on claims.  The Complaint was filed on October 19, 2016.  In New York, the conversion

cause of action takes a three-year statute of limitations.  Thus, claims arising from conduct more than three years before October 19, 2016, are barred.  Claims under the federal Fair Labor Standards Act take a two- or three-year limitations period, depending on whether willful conduct can be proven.  Thus, claims arising before October 19, 2014, or before October 19, 2013, if the alleged conduct is proven to be willful, are foreclosed.

C. Abandonment.  Abandoned property cannot be converted.  Plaintiff Cabilocan abandoned her passport when she abruptly quit her employment and voluntarily left the Defendants' home in April 2015; Defendants subsequently recovered this abandoned property, and they did not retain it.

D. Acts of Non-Parties.  Defendants are not liable for the acts and omissions of third parties who are not before the Court.  Defendants cannot be liable for any claims, including claims of recruitment, trafficking, and other conduct in violation of 18 U.S.C. §§ 1589 <u>et seq</u>., done by other people, in such places as Qatar, or in the Philippines by domestic worker agencies and employment agencies

E. Contribution; Liability of Plaintiff; Assumption of Risk; Injury by Fellow Servant.  Defendants are not liable for injuries, inducements, misrepresentations, or breaches resulting from the Plaintiffs' own acts and omissions.  Plaintiff Cabilocan was recruited to work for Defendants

by Plaintiff Sulaiman, her cousin.  If any violation of 18 U.S.C. §§ 1589 <u>et seq.</u> had occurred, Plaintiff Sulaiman, who was familiar with the alleged circumstances of employment by the Defendants, having worked for the Defendants for years, would be liable or contributorily liable  for having recruited Plaintiff Cabilocan into such employment, within the meaning of 18 U.S.C. § 1590(a), if Plaintiff Sulaiman did not disclose the circumstances of her employment as alleged in the complaint to her cousin, Plaintiff Cabilocan  at the time she recruited her to work for the Larams.  Conversely, if Plaintiff Sulaiman instead had apprised her cousin Plaintiff Cabilocan of the circumstances of employment alleged in the Complaint, then Plaintiff Cabilocan undertook her employment voluntarily, aware of such circumstances and consenting to them, and thus she has contributed to her own injuries and waived rights to her recovery. Thus, to the extent that Defendants are liable to Plaintiff Cabilocan under 18 U.S.C. §§ 1589 <u>et seq.</u>, the Defendants have a right to contribution or offset, or other indemnification from Plaintiff Sulaiman for having recruited her cousin Plaintiff Cabilocan to work for Defendants, in violation of 18 U.S.C. § 1590(a).

F.  License; Estoppel.  Sulaiman allegedly agreed to, and performed, a series of two-year contracts with the Defendants.  She went on vacations home, with her passport, to the Philippines every two years,  at the Defendants' expense, and these vacations lasted several weeks.  Even if she did not

agree to the conditions she has alleged to have experienced during her first two-year contract period, she voluntarily renewed her contracts with the Defendants for multiple subsequent terms, and she repeatedly voluntarily returned to New York to work for Defendants several times. Thus, Plaintiff Sulaiman consented to, ratified, and voluntarily accepted, the actual conditions of her employment.

G.  Immunity.  Defendant Yousef Laram was the Deputy Permanent Representative of the State of Qatar to the United Nations, and his wife Miriam Laram accompanied him on his diplomatic posting to the United Nations from 2011 through 2015.  The Defendants are immune from claims arising from performance of diplomatic duties and official diplomatic functions.  To the extent that claims arise from such acts, the Court lacks jurisdiction over the subject matter of such claims, and over the persons of the Defendants.

H.  Breach by Plaintiffs.  The Plaintiffs failed to perform the terms of their respective contracts.  Without any notice, they abruptly left the service of the Defendants during their respective two-year performance periods, just four days before Mrs. Laram gave birth.  Plaintiffs' contract claims are barred by their own breaches.

I.  Failure to Mitigate.  By leaving without notice, abandoning their possessions, abandoning their accommodations, quitting their jobs, and

thereby discontinuing their entitlement to payment and eligibility to remain in the United States, the Plaintiffs failed to mitigate their losses and damages.

J. Estoppel; Waiver.  Plaintiffs' claims are estopped by the Plaintiffs' own conduct.  The Plaintiffs abandoned their respective contracts during their performance periods they breached their contracts with the Defendants; they relinquished their entitlement to the agreed payments and benefits of employment by the Defendants.  Having returned home to the Philippines multiple times on vacations, paid for by the Larams, and then having returned to the Larams' employment, Plaintiff Sulaiman voluntarily renewed her two-year contracts of employment on multiple occasions.  Plaintiff Sulaiman was obviously aware of the conditions and terms of her employment, having worked for Defendants for several years. If Plaintiff Cabilocan was not deceived by Plaintiff Sulaiman when recruited because her cousin concealed the circumstances and conditions of which both Plaintiffs now complain, then she was similarly aware of those circumstances and conditions before she worked for Defendants.

Defendants reserve the right to assert any additional and further defenses as may be revealed by discovery or otherwise.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any recovery or relief whatsoever, and they pray the Court to give Judgment in Defendants'

favor, to order that Plaintiffs take nothing of the Defendants, to dismiss the Complaint or to otherwise order accordingly, and to grant such other relief as this Court deems just and proper.

### Defendants Demand a Trial by Jury

Dated:  New York, New York

April 17, 2017

Respectfully submitted,

Daniel N. Arshack     DA- 2036
Arshack, Hajek & Lehrman, PLLC
1790 Broadway,   Suite 710
New York, NY 10019
212-582-6500
Dan@lawAHL.com